IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jason Reed, | ) | C/A No. 5:08-3022-MBS-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| South Carolina State University, | ) | |
| Defendant. | ) | |

The plaintiff, Jason Reed ("Reed"), filed this employment discrimination action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against the defendant, South Carolina State University ("the University"). Reed alleges that the University has discriminated against him by failing to promote him and has retaliated against him. He also alleges a violation of his due process rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the University's motion for summary judgment. (Docket Entry 21.) Following two extensions of time, Reed filed a response in opposition. (Docket Entry 27.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the University's motion should be granted.

**BACKGROUND**

Reed began working for the University in 1988 as a dispatcher in the police department. Reed is paralyzed and confined to a wheelchair. In 1993, Reed filed a grievance regarding handicapped access, which was resolved. In 1996, Reed was reclassified into the position of Administrative Specialist II.

In late 2004 and 2005, Reed complained to University Vice President Kevin Rolle that his job should be reclassified in light of his responsibilities, which then included creating and managing the current parking system of the University, which involved updating the design of the parking system for the parking spaces and the computer-based managing system for parking, handling the parking decals, billing, paraphernalia, managing student accounts and faculty accounts as it relates to parking decals and fines, and managing the parking judicial system for the University. (Pl.'s Dep. at 20-21, Docket Entry 21-2 at 20-21.) Reed believed that his job should be classified as supervisor or manager of parking, or engineer. In November of 2005, the University designated Eloise Muhammad the supervisor of parking.

In June of 2007, a student appealing a parking ticket complained about Reed, alleging that he had inappropriately touched her.[1] Following that complaint, and based in part on other complaints the University had received from female students about Reed, the President of the University directed Reed's supervisor to remove the responsibilities regarding parking ticket appeals from Reed. The University did not reclassify Reed's position or decrease his salary. In October of 2007, Reed complained in writing about discrimination via a University "Non-Faculty Employee Grievance Hearing Request." (Pl.'s Mem. Opp'n Summ. J. Ex. 1, Docket Entry 27-1.) The University contends that it has no record of this complaint, and it did not provide Reed with a hearing regarding it. Reed then filed an administrative charge with the South Carolina Human Affairs Commission, and received a right-to-sue letter on May 30, 2008. He commenced this action on August 29, 2008.

---

[1] Reed disputes the veracity of this allegation but does not appear to dispute that it was made.

# DISCUSSION

A.      **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* issue of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. The Reeves Court stated:

> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the

*PJG*

employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

Reeves, 530 U.S. at 148. The Court of Appeals for the Fourth Circuit has stated that the Reeves Court instructs more broadly regarding the factors "on which the appropriateness of a judgment as a matter of law will depend in any case and will include 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employers' case and that properly may be considered on a motion for judgment as a matter of law.' " Dennis, 290 F.3d at 649 (quoting Reeves, 530 U.S. at 148-49).

**B.      Reed's Claims**

   **1.      Timeliness of Discrimination and Retaliation Claims**

As an initial matter, the University contends that Reed's ADA claims are time barred. The ADA requires that a plaintiff must file any civil action within ninety days of receiving notice of his right to sue. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (applying the powers, remedies and procedures outlined in Title VII discrimination actions for ADA claims). This limitations period has been strictly enforced in this circuit. See Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40 (4th Cir. 1993) (finding a complaint was time barred when filed five days too late); Harvey v. New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987) (finding a complaint was time barred when filed one day too late).

Based on his own pleading, Reed received his right-to-sue letter on May 30, 2008. Pursuant to the statute, he was required to file this federal court action no later than August 28, 2008 for it to be timely. Reed filed one day late. Reed does not dispute that his filing was untimely; he merely asserts in a conclusory fashion that the deadline should be equitably tolled due to his handicap.

Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). In the employment context, courts have held that equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987) (ADEA). It may also apply where "a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of [him]." Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984) (internal citations omitted). In limited circumstances, equitable tolling may be applied based on allegations of mental incapacity or disability of the plaintiff. See Steele v. Brown, 993 F. Supp. 918, 922 (M.D.N.C. 1998) ("Courts generally apply equitable tolling for a mental disability only when the Plaintiff has a severe disability that precludes his ability to reason and function in society."). However, equitable tolling of the ninety-day limitations period does not apply to a "garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Case law does not support Reed's argument for equitable tolling under the circumstances presented here. Reed has failed to demonstrate that his physical disability is of a severity that would preclude him from timely filing his Complaint. Cf. Steele, 993 F. Supp. at 922. Moreover, the court observes that, according to Reed, he met with his attorney on August 26, 2008, before the deadline

ran. Accordingly, the court finds that equitable tolling does not apply and Reed's Complaint is time barred.[2]

### 2. Due Process Claim

Reed's due process claim also fails as a matter of law. As an initial matter, the court observes that Reed's Complaint regarding this claim asserts only conclusory allegations that he was denied due process of law. Such assertions do not meet the pleading standard to state a plausible claim required by Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Similarly, even construing Reed's claim to assert that he was denied the due process required by the Fourteenth Amendment to the United States Constitution because the University did not provide him with a hearing on his 2007 grievance, he has neither alleged nor supported with evidence any facts showing that he was deprived of a liberty or property interest protected by the Due Process Clause. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); see also Morris v. City of Danville, 744 F.2d 1041 (4th Cir. 1984) (discussing certain due process safeguards that a public employee is entitled to if a constitutionally protected property or liberty interest is implicated).

---

[2] Even if Reed's ADA claims were not time barred, the court observes that they would nevertheless fail for the reasons asserted in the University's motion. (See Docket Entry 21-1 at 9-11.)

PJG

## RECOMMENDATION

Reed's first and second causes of action are time barred, and his due process claim also fails as a matter of law. Accordingly, the court recommends that the defendant's motion for summary judgment (Docket Entry 21) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 9, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).